IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. KEHOE, | : | |
| | : | 1:10-cv-1161 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **July 21, 2011**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.41), filed on July 1, 2011 which recommends that we grant the Defendants' Motion for Summary Judgment (Doc. 30) and close this case.  Plaintiff John C. Kehoe ("Plaintiff" or "Kehoe") filed objections to the R&R (Doc. 42) on July 13, 2011.  Accordingly, this matter is ripe for disposition.  For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and close this case.

## I.   PROCEDURAL BACKGROUND

Plaintiff, an inmate[1] currently confined at the State Correctional Institution, Huntingdon, Pennsylvania filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2010.  (Doc. 1).  Magistrate Judge Mannion aptly summarized the Plaintiff's claim as follows:

> In his complaint, the plaintiff alleges that prior to entering the state prison system he did not smoke.  He alleges that when he became incarcerated in the 1970's it was the practice of the prison system to provide inmates with free tobacco and rolling papers, which resulted in him becoming addicted to smoking tobacco.  At one point, the plaintiff alleges that he smoked 1 ½ packs of cigarettes or more per day.
>
> According to the plaintiff, the state correctional institutions encouraged, and continue to encourage, prisoners to smoke ". . . as a means of relieving stress and boredom . . ." Through the prison commissaries, the plaintiff alleges that all forms of tobacco products are aggressively marketed to the prisoners.
>
> Although he has attempted to quit smoking "cold turkey," the plaintiff alleges that he has failed.  In his attempts to quit smoking, the plaintiff alleges that he has requested nicotine patches from the Department of Corrections ("DOC"), at various institutions, but has been informed that these patches must be purchased at a cost which the plaintiff is unable to pay.
>
> As a result of his addiction to tobacco, the plaintiff alleges that he suffers various physical ailments, including shortness of breath, dizziness and chest pain, which render him unable to work when he is

---

[1] Plaintiff has been incarcerated since 1978 when he was sentenced by the Delaware County Court of Common Pleas to a term of thirty-three to seventy years imprisonment.  Plaintiff has been incarcerated at SCI-Huntingdon since August 10, 1984.

>  released from prison. He alleges that he has such severe breathing
>  problems that he is only able to work a "token job" in prison
>  industries wiping down bars with a wet rag.

(Doc. 41, pp. 4-5). Based on these allegations, Plaintiff seeks monetary damages and injunctive relief.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).

Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.   DISCUSSION

Magistrate Judge Mannion recommends that summary judgment be granted in favor of the Defendants because the Plaintiff has failed to exhaust his administrative remedies. Within the thorough and well reasoned R&R, Magistrate Judge Mannion discusses the applicable standards regarding administrative


exhaustion under the Prison Litigation Reform Act, thus we shall not endeavor to recite the applicable law here.  (*See* Doc. 41, pp. 7-11).

The Plaintiff's "objections" to the R&R voice his essential disagreement with the Magistrate Judge's recommendations, however Plaintiff gives no substantive legal or factual basis for this objection.  (Doc. 42).   Plaintiff repeatedly asserts that he has exhausted his administrative remedies, however, the Defendants have proffered abundant facts that establish Plaintiff has not exhausted his administrative remedies.[2]   Thus, in light of the Plaintiff's non-substantive and unsupported objections, we shall exercise our discretion when reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge Mannion's reasoning and shall adopt his recommendations in full.

## V.     CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety.  An appropriate Order shall issue.

---

[2] To be clear, exhaustion of administrative remedies is an affirmative defense that must be proven by the Defendants.   *Brown v. Croak*, 312 F. 3d 109, 111 (3d Cir. 2002).